IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NEO WIRELESS, LLC,<br>      *Plaintiffs*<br><br>-v-<br><br>DELL TECHNOLOGIES INC AND<br>DELL INC.,<br>      *Defendants* | § § § § § § § § § § § | 6:21-CV-00024-ADA<br><br>JURY TRIAL DEMANDED |

## ORDER

Before the Court is Defendants Dell Technologies Inc. and Dell Inc.'s (collectively, "Dell") Motion for Intra-District Transfer of Venue under 28 U.S.C. § 1404(a) to the Austin Division of the Western District of Texas ("WDTX"). ECF No. 25. Plaintiff Neo Wireless LLC ("Neo Wireless") filed its Response (ECF No. 26), and Dell filed its Reply (ECF No. 34). After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS** Dell's Motion for Intra-District Transfer to Austin.

### I. FACTUAL BACKGROUND

Plaintiff Neo Wireless filed this lawsuit accusing Dell of patent infringement on January 12, 2021. ECF No. 1. Neo Wireless alleges that Dell infringes on five patents. *Id.* These include U.S. Patent No. 8,467,366 ("the '366 Patent"); 9,363,066 ("the '066 patent"); 9,948,908 ("the '908 patent"); 10,075,941 ("the '941 patent"); and 10,447,450 ("the '450 patent") (collectively, "the Patents-in-Suit"). *Id.*

Neo Wireless is a Delaware corporation with its principal place of business in Wayne, Pennsylvania. *Id.* It is a non-practicing entity. ECF No. 25 at 2.

Both Dell Technologies and Dell Inc. are Delaware corporations with their principal places of business in Round Rock, Texas. *Id.* Dell also employs over 165,000 employees all over the

world. ECF No. 26 at 2. It maintains offices all over Texas, including Austin, Dallas/Fort Worth, San Antonio, and El Paso. *Id.* Dell maintains five large campuses in Austin and employs over 14,000 employees in Austin. ECF No. 25 at 2. Neo Wireless also alleges that Dell has "been committed to a 'more flexible work culture' since 2009 and allows its eligible workforce to work from home". ECF No. 26 at 2.

Neo Wireless also alleges that AT&T Inc. ("AT&T") is an important non-party witness in this litigation. *Id.* Neo Wireless states that AT&T witnesses will testify about the use of the Accused Products on AT&T's network, including how often the Accused Devices use AT&T's network in an infringing manner, and about how AT&T operates its base stations that allow access to the Accused Products. *Id.* at 3. AT&T is a Delaware corporation with its principal place of business in Dallas, Texas. *Id.*

Neo Wireless filed two similar suits against Apple Inc. and LG Electronics Inc. in this Court. *See Neo Wireless LLC v. Apple Inc.*, Civil Action No. 6:21-cv-0026, ECF No. 1 (W.D. Tex. Jan. 13, 2021); *Neo Wireless LLC v. LG Electronics*, Civil Action No. 6:21-cv-0025, ECF No. 1 (W.D. Tex. Jan. 13, 2021). The same patents asserted in those cases are also asserted here. The lawsuit against Apple Inc. has since been voluntarily dismissed.

## II. LEGAL STANDARD

In the Fifth Circuit, the § 1404(a) factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). It is well-settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers. *See*, *e.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the

same district.").

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties, witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)). A motion for transfer, whether intra- or inter-district, involves a two-step analysis: (1) whether the case could have been properly brought in the forum to which transfer is sought and (2) whether transfer would promote the interest of justice and/or convenience of the parties and witnesses. *Radmax*, 720 F.3d 285, 288; *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc).

The Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "Volkswagen I") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign

law." *Id.*

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III. DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Austin Division of the WDTX. Dell asserts that this case could have originally been brought in Austin because it regularly conducts business in Austin, and Neo Wireless originally filed its Complaint in the same district. ECF No. 25 at 5. Because venue is proper in Waco, this suit could have originally been brought in the Austin Division. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if Austin is clearly more convenient than Waco.

### A. The Private Interest Factors

#### i. The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-

cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d 1388, 1345 (Fed. Cir. 2009)).

The bulk of relevant evidence in this case is in the Austin Division. The documents from Dell are primarily located in or accessible from its Round Rock headquarters. ECF No. 25 at 7. Although Neo Wireless correctly notes that these documents could easily be produced in the nearby Waco Division, they are still more easily accessible in Austin. And the fact that no relevant evidence resides in the Waco Division, a point that Neo Wireless does not contest, means that this factor weighs in favor of transfer to Austin.

For those reasons, this Court finds that the relative ease of access to sources of proof factor favors transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, No. 6:18-cv-00372, 2019 WL 4743678 at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s]

heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

The Court will analyze the AT&T employees under this factor. Because they are neither party witnesses nor identified as willing, they will all presumed to be unwilling and are properly analyzed under this factor. *In re Dish Network L.L.C.,* No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) (holding that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor") (citing *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)). Dell's assertion that it is improper for this Court to consider the AT&T witnesses because they were not identified as unwilling is therefore without merit. ECF No. 34 at 2.

Although Dell contends that this factor is neutral, Neo Wireless argues that it strongly weighs against transfer. ECF No. 26 at 6. Neo Wireless argues that the AT&T employees as non-party witnesses may need a court order to testify. *Id.* Because AT&T headquarters are in Dallas and 97 miles from the Waco courthouse, Neo Wireless argues that this Court would have absolute subpoena power over those witnesses. The problem with this argument is that under Federal Rule 45(c)(1)(B)(ii), the second prong of the subpoena power, is that a court may subpoena a witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii). The Austin courthouse would therefore be able to subpoena those same witnesses who reside in Texas, unless they would incur "substantial expense" attending trial. Neo Wireless has not shown that these witnesses would incur substantial expense, in part because it fails to identify any witnesses by name or job title. This Court cannot say that the Waco courthouse is in a better position to subpoena hypothetical witnesses when the Austin courthouse could just

as easily do the same.

For those reasons, the Court finds this factor to be neutral.

### *iii. The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. When analyzing this factor, the Court should consider all potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021). The Federal Circuit has indicated that time away from an individual's home is a more important metric than distance. *Id.* Although Neo Wireless argues that this Court should discount the weight of party witnesses, the Federal Circuit has since rejected this argument. *See In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 202); *In re Juniper Networks, Inc.*, 14 F.4th at 1319.

Austin would be more convenient for the willing witnesses in this case than the Waco

Division. There are no witnesses who reside in the Waco Division. By contrast, Dell has over 14,000 employees in the Austin Division, some of which have knowledge of Dell's "deign, development, marketing, or sales of the Accused Products." Kennedy Decl. ¶7. Dell even identifies six employees by name who have information related to LTE, 4G, and 5G technology that is at issue. This includes Dell's two consultant commodity managers, vice president of consumer client engineering, direct of systems development engineering, consultant on strategic business development, and a distinguished engineer. ECF No. 25 at 8. All those employees work and live in the Austin Division in either Round Rock or Cedar Park. *Id.* Both Cedar Park and Round Rock are approximately 85 miles from the Waco courthouse and 20 miles from the Austin courthouse. Austin is therefore a more convenient venue for the Dell witnesses.

Austin would similarly be more convenient for the Neo Wireless witnesses. No Neo Wireless witnesses live in Texas. ECF No. 25 at 9. In fact, Neo Wireless fails to identify any witnesses, nor does it argue that Waco would be convenient for any of its witnesses. Without any affirmative argument by Neo Wireless, this Court cannot say that Waco would be more convenient for its witnesses. If this Court were to assume that the witnesses would hail from Neo Wireless' Pennsylvania headquarters, they could easily fly into Austin's international airport to attend trial and would not have to drive 90 miles to Waco.

For those reasons, the Court finds this factor favors transfer.

### *iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb*

8

*Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3.

The existence of one co-pending case does raise some practical problems to transferring this case. Neo Wireless has filed two other cases against various defendants, and in each case Neo Wireless also asserted the same patents as it did in this one. *See See Neo Wireless LLC v. Apple Inc.*, Civil Action No. 6:21-cv-0026, ECF No. 1 (W.D. Tex. Jan. 13, 2021); *Neo Wireless LLC v. LG Electronics*, Civil Action No. 6:21-cv-0025, ECF No. 1 (W.D. Tex. Jan. 13, 2021). The Apple case has since been voluntarily dismissed. Transfer of this case to Austin, while another case involving the same patent proceeds here, would create some practical difficulties. There would presumably be overlapping factual and legal issues with the present litigation that are relevant to invalidity and claim construction. Not only would two courts be ruling on the same patent asserted by the same plaintiff, thus wasting judicial resources, but there would also be the risk of inconsistent rulings on the asserted patents.

For those reasons, the Court finds that this factor weighs against transfer. But because there is only one co-pending case, and because the defendant is also challenging venue in that case, this factor is given less weight. *See Correct Transmission LLC v. Adtran, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021).

## B. The Public Interest Factors

### i. Administrative Difficulties Flowing from Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion

9

between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). This factor considers the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347. Additionally, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

This Court would likely be able to get this case to trial quicker than in Austin. Recent data from the past few years indicated that this Court has been able to bring patent cases to trial in approximately two years after the filing of the complaint. *See, e.g., MV3 Partners v. Roku,* 6-18-CV-00308 (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC*, 2020 WL 6439178 (20.3 months from case filing to trial); *VLSI Technology LLC v. Intel Corporation*, No. 6-21-CV-00057 (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. et al v. Amazon.Com Inc. et al*, No. 6-21-CV-00511 (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*. No. 6-19-CV-00044 (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus v. Google*, No. 6-20-CV-00101 (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, No. 6-20-cv-00018 (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare v. Google LLC*, No. 6-19-CV-663 (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Service, Inc.*, No. 6-20-cv-00277 (W.D. Tex., filed Apr. 8, 2020) (21.3 months from case filing to trial). This Court has previously noted that the significant pre-judge caseload in Austin skews the overall time-to-trial statistics in the WDTX. *See Solas OLED Ltd. v. Apple Inc.*, 6-19-cv-00537,

2020 WL 3440956 (W.D. Tex. June 23, 2020). But neither party in this case provides any reliable up-to-date statistics on the differences in time-to-trial comparing Austin and Waco. In recent decisions by this Court on motions to transfer, the parties have identified substantial disparities in the time-to-trial statistics. *See Identity Security v. Apple*, No. 6:21-CV-460 (W.D. Tex. Jan 20, 2022) (comparing average time-to-trial in Austin of 33 months to Waco's 23 months).

The substantial disparity in the time-to-trial statistics show that this factor disfavors transfer. There is clearly an appreciable difference in in the degree of docket congestion, insofar as it relates to time-to-trial. That is bolstered by this Court's proven track record in expeditiously resolving patent cases specifically. Rapid disposition of this case is important given the Federal Circuit's longstanding sentiment that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). The Federal Circuit has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016).

For those reasons, the Court finds this factor disfavors transfer.

### ii. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, Nos. 2021-139, 2021-140, 2021 U.S. App. LEXIS 19522, at *20 (Fed. Cir. June 30, 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587

F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in original). But courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *See In re Juniper Networks, Inc.*, 14 F.4th at 1320.

The Austin Division likely has a greater local interest because Dell, the accused infringer, is located in that division. *Datascape*, 2019 WL 4254069. Round Rock has been home to Dell for over 30 years, so its presence is not merely recent and ephemeral. ECF No. 25 at 11. Because this case could call into question the work and reputation of several individuals who work in the community, the Austin Division would have a significant localized interest. *See, e.g., In re Hoffmann-La Roche Inc.*, 587 F.3d at 1336.

Waco similarly has a localized interest because it is in the same district and is only 85 miles from Dell headquarters. Indeed, the Federal Circuit has indicated that a localized interest remains when the employees reside near the district. *Id*. ("the Eastern District of North Carolina's local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or *near* that district and who presumably conduct business in that community.") (emphasis added). By establishing its headquarters near this venue,

Dell has given Waco a localized interest in this case. Still, the local interest in Austin is likely stronger because the physical offices are in that division, and the employees reside closer to the Austin courthouse than the Waco courthouse. Neo Wireless does not argue this factor.

For those reasons, this factor favors transfer.

### *iii. Familiarity of the Forum with the Law That will Govern the Case*

Neo Wireless argues that this factor disfavors transfer because this Court has standing orders particular to patent law and procedure, while the Austin courthouse does not. Issuing a standing order for patent-specific rules is not enough to show that the Austin judges are not familiar with patent law. The Austin judges have handled patent cases, and this Court finds no reason to question their familiarity with patent law.

### *iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Both parties agree that this factor is neutral.

## IV. CONCLUSION

Having considered the private and public interest factors, Court's conclusions for each factor is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | Favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Disfavors transfer |

| Administrative difficulties flowing from court congestion | Disfavors transfer |
|---|---|
| Local interest | Favors transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

Ordinarily, when only three factors favor transfer and two disfavor transfer, the defendant has not met its burden to show the transferee venue is clearly more convenient. But in this case, the two factors weighing against transfer are not enough to keep the case in Waco. The Court gives the "practical problems" factor less weight because the Federal Circuit has held that judicial economy considerations from related cases—especially when venue is also contested in those cases—cannot "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010). Here, Neo Wireless did not identify a single witness, all the identified relevant willing witnesses live in the Austin Division, which is the most important factor. That, combined with the sources of proof being more easily accessible in Austin, and the fact that Austin has a stronger local interest means that Dell has met its burden that Austin is a clearly more convenient venue.

**IT IS ORDERED** that Defendants' Motion to Transfer Venue to the Austin Division is **GRANTED.**

SIGNED this 20th day of January, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE